RECEIVED
FEB -1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DORA BROUSSARD, *on behalf of herself and all others similarly situated* | CIVIL ACTION NO. 05-0892 |
| VERSUS | JUDGE DOHERTY |
| FAMILY DOLLAR STORE, INC., *et al* | MAGISTRATE JUDGE HILL |

## RULING

Before this Court is defendant's Motion to Transfer Venue [Doc. #6], pursuant to 28 U.S.C. § 1404(a), wherein defendant seeks to transfer the above-entitled case to the Western District of North Carolina. Plaintiff opposes the motion. All briefing has now been completed and the motion has been taken under advisement.

Plaintiff Dora Broussard filed this suit against her former employer, Family Dollar Stores, Inc. Plaintiff, who resides in Lafayette, Louisiana, was employed by Family Dollar as a Store Manager in Lafayette.[1] In the Complaint, plaintiff alleges that Family Dollar willfully and intentionally failed to pay overtime for managerial employees who worked fifty (50) to ninety (90) hours a week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*[2] Plaintiff purports to bring this matter as a "collective action, as authorized by 29 U.S.C. §216(b)," on behalf of herself and other similarly situated managerial employees of Family Dollar.[3] Family

---

[1] Plaintiff's Complaint, ¶¶ 3, 11, 13.

[2] Plaintiff's Complaint, ¶¶ 4, 8, 15.

[3] Plaintiff's Complaint, ¶ 5.

Dollar now moves the Court to transfer this action, pursuant to 28 U.S.C. §1404(a), to the United States District Court for the Western District of North Carolina, Charlotte Division, where Family Dollar is headquartered and where four (4) opt-in FLSA cases making essentially the same claim have been transferred.

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Congress enacted this provision as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." Piper Aircraft v. Reyno, 454 U.S. 235, 254 (1991) (internal quotations omitted). The purpose of 28 U.S.C. § 1404(a) is "to prevent the waste of time, energy and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (citing Continental Grain Co., v. Barge F.B.L., 364 U.S. 19 (1960)) (internal quotations omitted). The decision to transfer is within the sound discretion of the district court, determined by an individualized, case-by-case consideration of convenience and fairness. Stewart Org v. Ricoh Corporation, 487 U.S. 22, 29 (1988).

Courts must perform a two-prong analysis before granting a motion to transfer venue. The first inquiry is whether the proposed transferring district is one in which the action originally could have been brought. The second inquiry is whether the transfer of venue will serve the convenience of the parties and the interests of justice. In Re Volkswagon AG, 371 F.3d 201, 203 (5th Cir. 2004). In the Fifth Circuit, a determination of "'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." Id. Private concerns include:

(1) the relative ease of access to sources of proof; (2) the availability of compulsory

2

process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.

Id. Public factors include:

(1) the administrative difficulties from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

Id.

Typically, great weight is given to plaintiff's choice of forum. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966). However, plaintiff's choice of forum, while a factor to be considered, is neither conclusive nor determinative. *In re* Horseshoe Entertainment, 337 F.3d 429, 434 (5th Cir. 2003). Moreover, federal courts have long recognized that, "[w]here there are potentially hundreds, if not thousands, of plaintiffs from many different states, deference to the plaintiffs' chosen forum is considerably weakened." Koster v. Lumberman Mutual Casualty, 330 U.S. 518, 524 (1947). Although the Fifth Circuit has not addressed the issue to this Court's knowledge, other courts have given significantly less deference to plaintiff's choice of forum when a plaintiff sues derivatively or is a class representative or when the causes of action did not conclusively arise within the forum. *See e.g.* Countryman on Behalf of Upstate New York Pension and Retirement Fund v. Stein, Roe & Farnham, 681 F. Supp 479, 482-483 (N.D. Ill. 1987) (citing Koster); Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

In the instant matter, defendant argues this action should be transferred to the Western District of North Carolina because: (1) the action could have originally been brought in that district; (2) plaintiff's choice of forum should be given no weight due to the fact that she has alleged a

3

nationwide collective action under the FLSA involving defendant's 6,523 stores in 44 states and the District of Columbia; (3) witnesses expected to testify on defendant's behalf include management and executive-level employees who are based at defendant's headquarters and reside in North Carolina; (4) transportation and lodging of out-of-state employee witnesses would be more convenient in Charlotte, North Carolina than in Lafayette, Louisiana; (5) potential plaintiffs are more likely to come from North Carolina than from Louisiana due to the fact that Family Dollar operates 313 stores in North Carolina, as opposed to 214 stores in Louisiana; (6) several former managerial employees of Family Stores reside in North Carolina and would not be subject to compulsory process in Louisiana; (7) material events and sources of proof are centered at defendant's headquarters in North Carolina; (8) the Western District of North Carolina has a smaller and faster moving civil docket; and (9) prior FLSA collection actions against Family Dollar Stores making essentially the same claims have been transferred to the Western District of North Carolina and, therefore, that court is familiar with this litigation.

Plaintiff does not dispute that this action could have been brought in the Western District of North Carolina. Rather, plaintiff counters that: (1) certification as a collective action should be decided before transfer; (2) plaintiff's choice of forum should not be disturbed; (3) transferring this case would inconvenience plaintiffs, and "defendants are scattered throughout the country anyway;"[4] (presumably, plaintiff will have numerous witnesses who live in this district and, therefore, it is no more convenient to litigate this matter in North Carolina than in Louisiana); (5) defendant's argument regarding ease of access to documents should be disregarded because plaintiff believes that most of the documents are stored electronically; (6) the majority of the conduct at issue occurred

---

[4] Plaintiff's opposition brief, page 12.

across the country and not in North Carolina; and (7) a transfer of this matter to North Carolina will result in delay and prejudice because, to plaintiff's knowledge, the other collective actions' allegations have not been addressed by the North Carolina court.

This Court finds that in the instant matter, the witnesses who made the allegedly unlawful decisions regarding payroll are located in North Carolina; the records that reflect those decisions are in North Carolina as well. The issues involved in this case are not unique to Louisiana, but rather, are corporate-wide decisions. Most, if not all, of the relevant documentary evidence is likely located at Family Dollar's corporate headquarters in North Carolina. It appears the vast majority of witnesses reside in North Carolina, and defendant has adequately shown that the testimony of these witnesses will be necessary to its case. A trial in North Carolina will be less destructive to the operations of defendant's business than requiring all of defendant's witnesses to attend trial in Louisiana. Finally, there are hundreds, if not thousands, of potential plaintiffs to this action. This Court cannot say that this forum, rather than North Carolina, would be more convenient for these plaintiffs and their witnesses. There may be no one convenient forum for *all* of the potential plaintiffs and their witnesses. All of these factors weigh heavily in this Court's decision regarding venue, and plaintiff has not convinced this Court, in light of defendant's arguments, that public and private interests will be better served by maintaining this potential collective action in the Western District of Louisiana.

Accordingly, after weighing all relevant factors, the Court concludes that this case should be transferred to the Western District of North Carolina.

For the foregoing reasons, the Motion to Transfer Venue is GRANTED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 31 day of January, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE